neither does anything show which company is prima facie responsible for the proper maintenance of the wire. As the record stands it was, I think, a fair question of fact whether the negligence of the telephone company brought about or contributed to the accident.

The judgment in favor of the telephone company should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment in favor of the railway company affirmed, with costs. Judgment in favor of the telephone and the power companies reversed, and a new trial granted as to them, with costs to the appellant to abide event. All concur, except SMITH, P. J., dissenting as to the telephone company.

---

PEOPLE ex rel. E. I. DU PONT DE MOURS POWDER CO. v. STATE BOARD OF TAX COM'RS.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

TAXATION (§ 95*)—ASSESSMENTS—MORTGAGE TAX.

A foreign corporation executing a mortgage to a domestic corporation as trustee, thereby transferring to the trustee all its real estate and its debentures, and providing thereby that the trustee shall have possession of the debentures, cannot complain because the State Board of Tax Commissioners, in determining the value of the mortgaged real estate within the state, omitted to treat the debentures as tangible property outside the state, though the trustee has not taken possession of the debentures, since, for the purpose of taxation, the debentures must be deemed to be property within the state to such an extent that it cannot be urged that they are tangible property outside the state to diminish a tax which the state is entitled to if the parties to the mortgage had performed their duties under it.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 95.*]

Certiorari by the People of the State, on the relation of the E. I. Du Pont De Mours Powder Company, against the State Board of Tax Commissioners of the State of New York to review the action of the board in determining the amount of a mortgage tax to be apportioned under Tax Law (Consol. Laws, c. 60) § 260, on account of the mortgage property being partly within and partly without the state. Determination of board confirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

John G. Van Etten, for relator.

Edward R. O'Malley, Atty. Gen. (William S. McDonald, Deputy, of counsel), for respondent.

JOHN M. KELLOGG, J. The relator, a New Jersey corporation, claims that $2,000,000 of its debentures, covered by the mortgage in question, are tangible property outside of the state, and must be added to the value of the other property outside of the state in determining the amount of the tax. The mortgage was executed to the Metropolitan Trust Company of the city of New York as trustee, and by its terms the mortgage transfers to the trustee certain real estate outside

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of this state and certain real estate in this state, all particularly de-scribed in the mortgage, and also 2,000 debentures of the powder company, and secured under a certain debenture dated the 1st day of June, 1909, made by and between said powder company and the Guaranty Trust Company of New York as trustee. The said $2,000,000 of debentures were part of a series of $16,000,000 of debentures which had been issued, the $2,000,000 having been purchased back by the powder company and held as treasury assets.

The mortgage to be recorded recited that, until default shall occur in its terms, the powder company shall have possession of all of the property "(except the debentures upon deposit with the trustee, as aforesaid)," and further provided that, until default, the trustees shall deliver to the powder company all coupons of the debenture bonds so deposited as the same shall become due from time to time.

From the terms of the mortgage it is clear that the trust company is entitled to the immediate possession of the debentures, and is the only proper custodian thereof. The relator's affidavit filed says that at the time the mortgage was executed, June 15, 1909, "the said bonds were, and ever since have been, the property of your petitioner, and the same were at last-mentioned date, and ever since have been and now are, actually and physically held and located without the state of Nw York." In an affidavit filed in behalf of the relator its treasurer says:

"That all of said debenture bonds was on the 15th day of June, 1909, and is situated without the state of New York."

It does not appear by whom the bonds are held outside of the state, or for what purpose, and the affidavits in that respect are vague and unsatisfactory. It does not appear that the trust company has an office or place of business outside the state of New York, and we may fairly assume its only authorized place of business is in the state of New York. If the trust company has suffered these debentures to remain in the hands of the mortgagor, it was a clear violation of its duty as trustee and in violation of the true intent and spirit of the mortgage. If it has sent the debentures out of the state, or delayed taking possession of them awaiting the apportionment of this tax, that fact entitles it to no consideration. It is difficult to see any proper purpose for which the trust company can keep these debentures outside the state of New York.

The tax board has determined that of the mortgaged real estate $531,790 in value is situated within this state and $2,073,155 outside of the state, and omitted entirely from consideration the $2,000,000 of debentures. The relator contends that these debentures are tangible property outside of the state of New York, and must be added to the value of the real estate outside of the state, and thereby diminish the proportion of the property which the commissioners have found to be situated within the state.

This appeal only brings up for review the omission to treat the debentures as tangible property outside of the state. The question is not raised that their value should be added to the value of the prop-.

·erty within the state, and thereby increase the proportion of property in the state, and therefore need not be considered.

The decision is sufficiently favorable to the relator, and it is unnecessary to determine whether the debentures are tangible or intangible property, for, whatever their nature may be, the mortgagor cannot be heard to claim that the ,neglect of the trustee to perform its duty in taking possession of the debentures will require a deduction from the tax which would be payable if the mortgagee and the mortgagor had recognized and performed their clear duties under the mortgage. The mortgage is not fully effectual as a mortgage as to the debentures until the trustee acquires possession of them. I think, in contemplation of law, for the purpose of this proceeding, the debentures are deemed to be property within the state of New York to such an extent at least that it cannot be urged that they are tangible property outside of the state to diminish the tax which the state would be entitled to if the parties to the mortgage were performing their known duties under it. The determination is therefore confirmed, with $50 costs and disbursements to be paid by the relator. All concur. HOUGHTON, J., in result.